IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

**PENNY MEYER, EMILY SCHMOELE**     **PLAINTIFFS**
**and PATENE WIGGINS, Individually and**
**on Behalf of All Others Similarly Situated**

vs.                    No. 6:21-cv-202

**EVVI RESTAURANT GROUP, LLC**           **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Penny Meyer, Emily Schmoele and Patene Wiggins ("Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action ("Complaint") against Defendant EVVI Restaurant Group, LLC ("Defendant"), they state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2. Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper minimum wage and overtime compensation under the FLSA.

## II.  JURISDICTION AND VENUE

3. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts complained of herein were committed and had their principal effect against Plaintiffs within the Waco Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.  THE PARTIES

5. Plaintiff Penny Meyer ("Meyer") is an individual and resident of Bell County.

6. Plaintiff Emily Schmoele ("Schmoele") is an individual and resident of Bell County.

7. Plaintiff Patene Wiggins ("Wiggins") is an individual and resident of Bell County.

8. Defendant is a domestic limited liability company.

9. Defendant's registered agent for service is Todd Evans, at 2700 Sparta Lane, Belton, Texas 76513.

10. Defendant does business as Jimmy's Egg.

11. Defendant maintains a website at https://www.jimmysegg.com/.

## IV.  FACTUAL ALLEGATIONS

12. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

13. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce such as food and beverage products.

14. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

15. Defendant owns and operates several restaurants, including one in Temple.

16. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

17. At all times material herein, Plaintiffs have been classified by Defendant as non-exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207 and have been paid an hourly wage.

18. Defendant employed Meyer as an hourly-paid Server Manager from February of 2020 until January of 2021.

19. Defendant employed Schmoele as an hourly-paid Server from March of 2020 until August of 2020.

20. Defendant employed Wiggins as an hourly-paid Server Team Lead from March of 2020 until January of 2021.

21. Each Plaintiff performed the duties of a Server, including taking orders, delivering food, cleaning the restaurant and performing "cut work" such as rolling silverware.

22. In addition to their Server duties, Meyer and Wiggins were required to complete administrate duties such as balancing the register and making schedules.

23. Defendant also employed other Servers within the three years preceding the filing of this lawsuit.

24. Other Servers also took customer orders, delivered food, cleaned the restaurant and performed "cut work" such as rolling silverware.

25. At all relevant times herein, Defendant directly hired Servers to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

26. Plaintiffs and other Servers were paid a "tipped wage" of between $2.14 and $4.00 per hour.

27. Plaintiffs and other Servers regularly worked hours for which they were not paid.

28. Defendant instructed Plaintiffs and other Servers not to clock in until the first customer arrived at the restaurant. Before customers arrived, Plaintiffs and other Servers regularly spent around two hours each day opening the restaurant, cleaning the restaurant and rolling silverware—hours which went unrecorded and uncompensated.

29. Defendant instructed Plaintiffs and other Servers to clock out at the end of their shift or after the last customer left but required them to complete additional tasks such as cleaning and closing the restaurant after they had clocked out.

30. Meyer estimates she worked approximately five hours off the clock each week.

31. Schmoele estimates she worked approximately ten to fifteen hours off the clock each week.

32. Wiggins estimates he worked approximately ten hours off the clock each week.

33. Upon information and belief, other Servers had similar schedules and worked a similar number of hours off the clock as Plaintiffs.

34. Because Plaintiffs and other Servers worked so many hours off the clock, their constructive hourly rate fell below the minimum wage for tipped workers.

35. Plaintiffs and other Servers were generally scheduled to work for less than forty hours per week, but they often actually worked more than forty hours per week because they worked so many hours off the clock.

36. When Plaintiffs and other Servers worked more than forty hours in a week, Defendant failed to pay them an overtime premium for hours worked over forty each week.

37. Defendant knew or should have known that Plaintiffs and other Servers were working additional hours off-the-clock for which they were not compensated.

38. At all relevant times herein, Defendant has deprived Plaintiff and other Servers of regular wages and overtime compensation for all hours worked.

39. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

40. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

41. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A. Minimum wage for all hours worked;

    B. Overtime premiums for all hours worked over forty in any week;

    C. Liquidated damages; and

    D. Attorney's fees and costs.

42. Plaintiffs propose the following class under the FLSA:

**All Servers in the past three years.**

43. In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

44. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

45. The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A. They were paid hourly;

    B. They had substantially similar job duties and requirements;

    C. They were subject to Defendant's common policy of requiring Servers to work off the clock; and

D.  They were subject to Defendant's common policy of failing to pay Servers for all hours worked.

46. Plaintiffs are unable to state the exact number of the collective but believes that the collective exceeds twenty persons.

47. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

48. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

49. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.  FIRST CLAIM FOR RELIEF
### (Individual Claims for FLSA Violations)

50. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

51. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

52. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

53. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 in one week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

54. Defendant classified Plaintiffs as non-exempt from the requirements of the FLSA.

55. Defendant failed to pay Plaintiffs for all hours worked.

56. Defendant failed to pay Plaintiffs a sufficient minimum wage for all hours worked.

57. Defendant failed to pay Plaintiffs a sufficient overtime premium for all hours worked over forty each week.

58. Defendant knew or should have known that its actions violated the FLSA.

59. Defendant's conduct and practices, as described above, were willful.

60. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

61. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

62. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

### VII.   SECOND CLAIM FOR RELIEF
#### (Collective Action Claim for FLSA Violations)

63. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

64. Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

65. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

66. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

67. Defendant classified Plaintiffs and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

68. Defendant failed to pay Plaintiffs and similarly situated employees for all hours worked.

69. Defendant failed to pay Plaintiffs and similarly situated employees a sufficient minimum wage for all hours worked.

70. Defendant failed to pay Plaintiffs and similarly situated employees a sufficient overtime premium for all hours worked over forty each week.

71. Defendant deprived Plaintiffs and similarly situated employees of compensation for hours worked over forty per week, in violation of the FLSA.

72. Defendant knew or should have known that its actions violated the FLSA.

73. Defendant's conduct and practices, as described above, were willful.

74. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all similarly situated employees for monetary damages, liquidated damages

and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

75.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

76.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Penny Meyer, Emily Schmoele and Patene Wiggins, each individually and on behalf of all others similarly situated, respectfully pray that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.      Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B.      Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.      Judgment for damages suffered by Plaintiffs and others similarly situated for all unpaid overtime wages under the FLSA and its related regulations;

D. Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA and its related regulations;

E. An order directing Defendant to pay Plaintiffs and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PENNY MEYER, EMILY SCHMOELE and PATENE WIGGINS, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com